UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------X
::
BRIAN K. REINBOLD,::
::
                             Plaintiff,:       Case No. 04-342 (GMS)
::
   - vs. -::
::
NATIONAL ASSOCIATION OF LETTER:
CARRIERS BRANCH 1977,:
::
                            Defendants.:
::
------------------------------------------------------------X

------------------------------------------------------------X
::
BRIAN K. REINBOLD,::
::
                             Plaintiff,:       Case No. 05-047 (GMS)
::
   - against -::
::
UNITED STATES POSTAL SERVICE and:
NATIONAL ASSOCIATION OF LETTER:
CARRIERS BRANCH 191,:
::
                             Defendant.:
::
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS
NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 191 AND BRANCH
1977 TO DISMISS COMPLAINT FOR FAILURE TO PROSECUTE OR IN THE
<u>ALTERNATIVE TO COMPEL DISCOVERY</u>**

        Defendants National Association of Letter Carriers Branch 191 and Branch 1977 (the "Union Defendants") submit the following memorandum in support of their motion, made pursuant to Federal Rules of Civil Procedure 37(a) and 41(b) and Local Rule 41.1, for an order (1) dismissing the above-captioned actions for failure to prosecute, or in the alternative (2) requiring Plaintiff Brian K. Reinbold to respond to the Union Defendants' June 29, 2005

00079439.DOC.1

document requests and interrogatories and requiring Plaintiff to pay the expenses the Union Defendants incurred in making this motion, including the Union Defendants' attorneys' fees.

## FACTUAL BACKGROUND

Plaintiff originally filed the instant actions in the Delaware Court of Common Pleas on April 22, 2004 in a single Complaint brought against both Branch 191 and Branch 1977. On May 27, 2004, Branch 1977 removed the action (Case No. 04-342) to federal court. Thereafter, on January 27, 2005, the action was dismissed as to Branch 191 due to Plaintiff's failure to serve the summons and complaint on the Branch. Plaintiff then brought a new action (Case No. 05-047) in this Court against Branch 191 on January 28, 2005 and added the Postal Service as a defendant. On June 23, 2005, a scheduling conference was held in both actions wherein the Court set a discovery schedule and explained in detail to Plaintiff, who is proceeding *pro se*, certain matters including discovery.

Following the initial conference, the Court entered a scheduling plan for both actions setting October 31, 2005 as the close of all discovery. Pursuant to Federal Rule of Civil Procedure 26, the Union Defendants served their initial disclosures on Plaintiff. On June 29, 2005, the Union Defendants served document requests and interrogatories upon Plaintiff by mail. (Copies of the Union Defendants' document requests and interrogatories are attached hereto as Exhibits A and B, respectively).

Plaintiff's responses were due 30 days after service of the discovery requests. *See* Fed. R. Civ. P. 33(b)(3), 34(b). Accordingly, the responses were due no later than July 29, 2005. At no time before Plaintiffs' responses were due did Plaintiff request an extension or indicate that he would be unable to meet the deadline.

On both August 26, 2005 and September 2, 2005, counsel for the Union Defendants telephoned Plaintiff to discuss his failure to respond, but did not reach Plaintiff. On September 2, 2005, counsel for the Union Defendants left a message on Plaintiff's answering machine indicating that if Plaintiff's responses were not received by September 6, 2005, the Union Defendants would move to compel. Counsel for the Union Defendants also wrote to Plaintiff, memorializing the September 2, 2005 telephone message. (A copy of the September 2, 2005 letter is attached hereto as Exhibit C). Despite the September 2, 2005 message and the letter, Plaintiff failed to respond.

To date, Plaintiff has taken no action in this matter, other than attending the June 23, 2005 scheduling conference. The Union Defendants have received no responses to their discovery requests, nor any request from Plaintiff for an extension, nor any explanation from Plaintiff for his failure to respond. In addition, Plaintiff has also failed to provide the Union Defendants with his initial disclosures as required by Rule 26(a)(1).

**ARGUMENT**

I. **THE ABOVE-CAPTIONED ACTIONS ARE SUBJECT TO DISMISSAL FOR FAILURE TO PROSECUTE**

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action if a plaintiff fails to prosecute the action or to comply with the Rules of Civil Procedure or of the Court. Fed. R. Civ. P. 41(b). Local Rule 41.1 of the District of Delaware provides that "in each case pending wherein no action has been taken for a period of 3 months, the Court may . . . enter an order dismissing such case." The Third Circuit has enumerated several factors relevant to a District Court's exercise of discretion when dismissing cases for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willful conduct; (5) alternative sanctions; and (6)

meritoriousness of the claim. *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984). Not all of the *Poulis* factors need to be satisfied for the Court to conclude that dismissal is warranted; the Court must balance the factors in light of the facts and circumstances of the case to determine whether dismissal is appropriate. *Id.*; *Workman v. Biles*, 2004 WL 609812, at *1 (D. Del. Mar. 18, 2004).

Here, dismissal of Plaintiff's complaint is clearly warranted. Under the first *Poulis* factor, Plaintiff is clearly responsible for his own failure to comply with his discovery obligations. *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (upholding dismissal of *pro se* litigant's complaint for lack of prosecution finding, *inter alia,* that *pro se* plaintiff was personally responsible for failure to comply with court orders, as any failure could not be blamed on inattentive counsel). Moreover, counsel for the Union Defendants attempted several times to contact Plaintiff to allow him to remedy his delinquencies, but was ignored on each occasion.

Second, plaintiff's failure to comply with the Court's scheduling order, his failure to respond to discovery requests, and his failure to provide any information relevant to his claim has prejudiced the Union Defendants. Over four years have passed since the allegations set forth in Plaintiff's complaint against Branch 1977. The Union Defendants are continuously prejudiced by the lack of information provided by Plaintiff, as it becomes increasingly difficult to discern the facts related to the above-referenced actions. Moreover, Plaintiff's inaction has adversely affected the progress of the case and the effective administration of justice. *See Guy v. City of Wilmington*, 169 F.R.D. 593, 596 (D. Del. 1996) (second *Poulis* factor weighed in favor of dismissing complaint because plaintiff's failure to prosecute the action substantially delayed the progress of the case).

Despite the limited history of this case, the third *Poulis* factor is satisfied because Plaintiff's performance has been consistently deficient. Plaintiff's initial Complaint was dismissed as to Defendant Branch 191 for failure to serve the summons and complaint. Plaintiff then re-filed the action against Branch 191 and the Postal Service, yet since then he has ignored the litigation and has failed to take any affirmative action in either case. Plaintiff attended the June 23, 2005 scheduling conference, but has remained virtually unreachable since that date, and has failed to respond to any discovery requests or meet discovery deadlines. In *Poulis,* the Court held that the time limits set by Federal and Local Rules and by the Court "serve an important purpose for the expeditious processing of litigation" and that a history of "ignoring these time limits is intolerable." *Poulis,* 747 F.3d at 868. Plaintiff's decision not to communicate with counsel for the Union Defendants, coupled with his refusal to engage in discovery with the Union Defendants is grounds to find a history of dilatoriness pursuant to the third *Poulis* factor. *See Guy,* 169 F.R.D. at 596-97 (dismissing complaint for failure to prosecute where, *inter alia,* plaintiff consistently ignored time limits and missed deadlines and failed to communicate with the court or counsel).

Moreover, Plaintiff's failure to comply with the court orders has been willful, thus satisfying the fourth *Poulis* factor. Counsel for the Union Defendants made numerous discovery requests which were continuously ignored and have taken all reasonable steps to contact Plaintiff in an attempt to encourage him to remedy his delinquencies. *See, e.g., Emerson*, 296 F.3d at 191 (repeated and continuous failure to comply with court orders found willful). A continuous and knowing disregard of deadlines cannot be assumed to be merely negligent and must be deemed willful. "With each violation…it becomes more likely that Plaintiff is deliberately choosing to violate the orders of [the] Court." *See Guy,* 169 F.R.D. at 597.

With respect to the fifth *Poulis* factor, alternative sanctions would not be effective to cure Plaintiff's delinquency. As in many cases where a plaintiff proceeds *pro se*, monetary sanctions will most likely not be an effective alternative, *Emerson,* 296 F.3d at 191, and on the undeveloped record in this case, an evidentiary sanction is impracticable.

Finally, as to the sixth *Poulis* factor, because Plaintiff's claims against the Union Defendants lack merit, dismissal is appropriate. *See Poulis*, 747 F.2d at 869-70. Both of Plaintiff's five-paragraph complaints fall far short of Rule 8's requirement that his pleading contain a "short and plain statement of the claim showing" that he is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Obeng v. Delaware State Police*, 2005 WL 1592951, at *3 (D.Del. 2005) (dismissing *pro se* complaint where complaint failed to comply with Rule 8's mandate that plaintiff provide defendant "fair notice of what . . . [his] claim[s] [are]").

Accordingly, because Plaintiff has failed to prosecute the above-captioned actions against the Union Defendants, his claims must be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1.

## II. PLAINTIFF SHOULD BE COMPELLED TO RESPOND TO THE UNION DEFENDANTS' DISCOVERY REQUESTS

In the event the Court fails to dismiss the actions, Plaintiff should be compelled to respond to the Union Defendants' discovery requests. Federal Rule of Civil Procedure 37(a)(2)(B) provides that when a party fails to respond to discovery requests, the discovering party may move for an order to compel responses. Plaintiff has indisputably failed to respond in a timely fashion to the Union Defendants' June 29, 2005 discovery requests and has also, by his failure to respond, waived any objections to such requests. *See* Fed. R. Civ. P. 33(b)(4). Accordingly, an order should issue requiring Plaintiff to respond immediately to the Union Defendants' June 29, 2005 discovery requests.

In addition, Federal Rule of Civil Procedure 37(a)(4)(A) mandates that if a motion to compel discovery is granted or if disclosure is provided after the motion is filed, the Court *shall,* after affording the non-moving party an opportunity to be heard, require the non-moving party or its attorney, or both, to pay the movant's costs in making the motion, including reasonable attorneys' fees, unless the motion was filed without the movant's making a good faith effort to obtain the discovery without court action or the non-disclosure was substantially justified. Here, the Union Defendants made a good faith effort to obtain the discovery without court action, through numerous attempts to contact Plaintiff telephonically and by mail. Moreover, Plaintiff's failure to provide responses is unjustified. Prior to the due date, Plaintiff never requested an extension and after the due date, Plaintiff has never offered an explanation for his failure to respond. Accordingly, if the actions are not dismissed and Plaintiff is ordered to respond to the outstanding discovery requests, Plaintiff should be required to pay the costs of this motion.[1]

Finally, if the Court does not dismiss the actions, it should schedule a status conference so that the discovery schedule can be adjusted as necessary.

---

[1] Should the Court grant the Union Defendants' request, the Union Defendants will submit a bill of its costs and attorneys' fees to Plaintiff for payment.

Dated: November 2, 2005

        /s/ Susan E. Kaufman
        Susan E. Kaufman (DSB #3381)
        800 King Street
        Suite 303
        P.O. Box 1674
        Wilmington, DE 19801
        (302) 658-1800
        (302) 658-1473 (fax)

        Peter DeChiara
        Oriana Vigliotti
        COHEN, WEISS AND SIMON LLP
        330 West 42nd Street
        New York, New York 10036-6976
        (212) 563-4100

        *Attorneys for Defendants National*
        *Association of Letter Carriers Branch 1977*

## CERTIFICATE OF GOOD FAITH CONFERRING

I hereby certify, pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), that on August 26, 2005 and September 2, 2005 I attempted to confer with Plaintiff Brian K. Reinbold to attempt to secure the disclosures sought without court action.

                                                                                _____
                                                                                Oriana Vigliotti

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
:
BRIAN K. REINBOLD, :
:
                             Plaintiff, :     Case No. 04-342 (GMS)
:
    - vs. - :
:
NATIONAL ASSOCIATION OF LETTER :
CARRIERS BRANCH 1977, :
:
                          Defendants. :
:
------------------------------------------------------------ x

------------------------------------------------------------ x
:
BRIAN K. REINBOLD, :
:
                             Plaintiff, :     Case No. 05-047 (GMS)
:
    - vs. - :
:
UNITED STATES POSTAL SERVICE and :
NATIONAL ASSOCIATION OF LETTER :
CARRIERS BRANCH 191, :
:
                          Defendant. :
:
------------------------------------------------------------ X

## CERTIFICATE OF SERVICE

      I hereby certify that on November 2, 2005, the foregoing **Motion of Defendants National Association of Letter Carriers Branch 191 and Branch 1977 to Dismiss Complaint For Failure to Prosecute or in the Alternative to Compel Discovery and Memorandum of Law in Support of the Motion to Dismiss / Compel and this Certificate of Service** were filed electronically with the Clerk of the Court to be served by operation of the Court's electronic

00079443.DOC.1

filing system upon Patricia Hannigan, Assistant United States Attorney, 1007 Orange Street, Suite 700, Wilmington, Delaware 19899, Counsel for Defendant United States Postal Service.

  I hereby certify that on November 2, 2005, the foregoing was mailed by first-class mail to the following non-participant in Electronic Case Filing: Plaintiff Brian K. Reinbold, 3909 Delaware Street, Apt. #B, Wilmington, Delaware 19808-5709.

               /s/ Susan E. Kaufman