IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRIAN K. REINBOLD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-342-GMS |
| | : | |
| NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 1977, | : | |
| | : | |
| Defendant. | : | |
| BRIAN K. REINBOLD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 05-47-GMS |
| | : | |
| UNITED STATES POSTAL SERVICE, and NALC LOCAL 191, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF UNITED STATES POSTAL SERVICE
TO DISMISS OR IN THE ALTERNATIVE TO
COMPEL RULE 26(a) DISCLOSURES BY PLAINTIFF**

The United States Postal Service ("USPS") adopts the reasoning and analysis set forth in the Motion of Defendants National Association of Letter Carriers Branch 191 and Branch 1977 ["Union Defendants"] To Dismiss Complaint for Failure To Prosecute Or In The Alternative To Compel Discovery, and of the Memorandum of Law in Support thereof.  D.I.-22, 23.  Those documents are incorporated herein by reference.

**FACTS**

As reviewed in detail in the documents referenced above, Plaintiff has failed to serve any discovery on any of the three Defendants.  The only additional fact the USPS wishes to call to

the Court's attention is that it served approximately two hundred (200) pages of discovery on Plaintiff with its Rule 26 Initial Disclosures.  D.I.-20.

## ARGUMENT

In addition to the legal arguments set forth by the Union Defendants, the USPS points out that a finding of liability by the union is a condition precedent to a finding of liability by the USPS.  In order to recover from the USPS for discharging him in violation of the collective bargaining agreement, Plaintiff would first have to show that the Union Defendants breached their statutory duty of fair representation in handling his grievances.  *Hines v. Anchor Motor Freight, Inc*., 424 U.S. 554, 570 - 571 (1976).  As stated there, "[t]o prevail against either the [employer] or the Union, petitioner must not only show that their discharge was contrary to the contract, but must also carry the burden of demonstrating breach of duty by the Union." *Id.* Thus, the Union's breach is a threshold legal issue that must be established before the court can address the merits of plaintiff's claim of wrongful discharge by USPS.  *Vaca v. Sipes*, 386 U.S. 171, 186 (1967) ("we think the wrongfully discharged employee may bring an action against his employer ..., provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.")

If Plaintiff here is unable to show the union's breach, because the complaint is dismissed as to the union, any claims against the USPS would be barred.  *Weber v. Potter*, 338 F.Supp. 2d 600, 606 (E.D.Pa. 2004) ("where the employee sues the employer for breach of contract and the union for breach of its duty of representation, the employee must prove both charges in order to prevail against either defendant."). In *Weber*, as here, a discharged Postal employee sued both the Postal workers union and the USPS.  The court there granted summary judgment for the

union and then ruled, "[b]ecause [Plaintiff] cannot succeed in his breach of contract claims against the USPS without showing that the NALC breached its duty of fair representation [internal citation omitted], I also grant defendant USPS's motion for summary judgment with respect to [Plaintiff's] breach of contract claim." *Id.* at 607.

Accordingly, if the Union Defendants' Motion to Dismiss is granted, the Complaint against the USPS should be dismissed as well.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

        By:  /s/Patricia C. Hannigan
                Patricia C. Hannigan
                Assistant United States Attorney
                Delaware Bar I.D. No. 2145
                The Nemours Building
                1007 Orange Street, Suite 700
                P. O. Box 2046
                Wilmington, DE 19899-2046
                (302) 573-6277
                Patricia.Hannigan@usdoj.gov

Dated: November 8, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that on **November 8, 2005**, I electronically filed a **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF UNITED STATES POSTAL SERVICE TO DISMISS OR IN THE ALTERNATIVE TO COMPEL RULE 26(a) DISCLOSURES BY PLAINTIFF** with the Clerk of Court using CM/ECF.  Notification of such filing will be electronically mailed to the following:

**Susan E. Kaufman, Esquire**
Heiman, Gouge & Kaufman, LLP
P.O. Box 1674
Wilmington, DE 19899
(302) 658-1800
skaufman@hgkde.com

and two copies of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF UNITED STATES POSTAL SERVICE TO DISMISS,** will be mailed, via First Class U.S. Mail to the following:

**Brian K. Reinbold**
P. O. Box 2565
Wilmington, DE 19805
*Pro Se*

                          COLM F. CONNOLLY
                          United States Attorney

                By:   /s/Patricia C. Hannigan
                      Patricia C. Hannigan
                      Assistant United States Attorney
                      Delaware Bar I.D. No. 2145
                      The Nemours Building
                      1007 Orange Street, Suite 700
                      P. O. Box 2046
                      Wilmington, DE 19899-2046
                      (302) 573-6277
                      Patricia.Hannigan@usdoj.gov