```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF DELAWARE
-----------------------------------------------------------------X
                                                  :
BRIAN K. REINBOLD,                                :
                                                  :
                                                  :
                              Plaintiff,          :
                                                  :     Case No. 04-342 (GMS)
                                                  :
          - vs. -                                 :
                                                  :
NATIONAL ASSOCIATION OF LETTER                    :
CARRIERS BRANCH 1977,                             :
                                                  :
                              Defendant.          :
                                                  :
-----------------------------------------------------------------X

-----------------------------------------------------------------X
                                                  :
BRIAN K. REINBOLD,                                :
                                                  :
                              Plaintiff,          :
                                                  :     Case No. 05-047 (GMS)
                                                  :
          - vs. -                                 :
                                                  :
UNITED STATES POSTAL SERVICE and                  :
NATIONAL ASSOCIATION OF LETTER                    :
CARRIERS BRANCH 191,                              :
                                                  :
                              Defendants.         :
                                                  :
-----------------------------------------------------------------X
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 191 AND BRANCH 1977**

Defendants National Association of Letter Carriers Branch 191 and Branch 1977 (the "NALC Defendants") submit this memorandum of law in support of their motion for summary judgment.

This is an action bought by a *pro se* plaintiff who was formerly employed as a letter carrier by the United States Postal Service ("USPS" or the "Postal Service").

00089405.DOC.1

He alleges that the NALC Defendants breached their duty of fair representation ("DFR"). Because the Court's April 10, 2006 order granting the Postal Service summary judgment found that there was no DFR breach, the law of the case doctrine or, in the alternative, collateral estoppel, requires that summary judgment also be granted to the NALC Defendants.

## BACKGROUND

On April 18, 2004, Brian K. Reinbold filed a *pro se* lawsuit against the NALC Defendants in the Court of Common Pleas for the State of Delaware, New Castle County. The five-paragraph complaint alleged that the NALC Defendants "did not act in good faith in representing" Plaintiff pursuant to the collective bargaining agreement ("CBA") between the National Association of Letter Carriers ("NALC") and the Postal Service. (Complaint filed April 18, 2004, C.A. No. 04-603). On May 27, 2004, the NALC Defendants removed the lawsuit to this Court (C. A. No. 04-342, D.I. 1). Plaintiff failed to serve the complaint on Branch 191 and the Court dismissed it as against Branch 191 on January 27, 2005. (C.A. No. 04-342, D.I. 8).

On January 28, 2005, Plaintiff filed a new action, in this Court, against USPS and Branch 191, alleging, in a five-paragraph complaint, that the defendants "engaged in unfair labor practices against him and failed to represent [him] per the CBA." (Complaint filed January 28, 2005, C.A. No. 05-047, D.I. 1). This Court consolidated the two cases for purposes of discovery.

On November 30, 2005, the Postal Service filed a motion for summary judgment, which Plaintiff chose not to oppose. (C.A. No. 04-342, D.I. 25, 26 and C.A. No. 05-047, D.I. 31, 32). *See* April 10, 2006 Order, pp. 1-2, copy attached hereto as

Exhibit A. (C.A. No. 04-342, D.I. 29 and C.A. No. 05-047, D.I. 36). In its motion, the Postal Service demonstrated that the NALC Defendants did not breach their duty of fair representation ("DFR"). *See* Opening Brief of United States Postal Service In Support of Its Motion for Summary Judgment filed November 30, 2005, pp. 6-7. (C.A. No. 04-342, D.I. 26 and C.A. No. 05-047 D.I. 32).

In its April 10, 2006 order granting the Postal Service's motion, the Court construed Plaintiff's claims against the NALC Defendants as claims that the NALC Defendants breached their DFR. Ex. A at 5-7 ("Reinbold's complaints allege that the NALC defendants breached their duty of fair representation"). In finding no breach of the DFR, the Court determined based on the undisputed facts that the NALC Defendants had "vigorously represented" Plaintiff and had not acted "arbitrar[ily], discriminator[ily], or in bad faith." *Id*. at 7. The April 10, 2006 order details the NALC Defendants' efforts made on behalf of Plaintiff and holds unequivocally that "the NALC Defendants did not abdicate their duty of representation." *Id*.

## ARGUMENT

The law of the case doctrine bars relitigation of an issue once it has been decided in an earlier stage of the same litigation. See *In re Continental Airlines,* 279 F.3d 226, 232 (3d Cir. 2002). In *In re Continental Airlines,* for example, the Third Circuit invoked the law of the case doctrine to hold that plaintiffs there were bound by a prior decision finding their claims were dischargeable in bankruptcy and that they were thus prevented from relitigating the same issue at a later stage in the proceeding. *Id; see also Antonioli v. Lehigh Coal and Navigation Co.,* 451 F.2d 1171, 1178 (3d Cir.1971) (dismissing plaintiffs' claims based on the law of the case doctrine where court in same

action had previously determined claims were invalid); *Southeastern Pennsylvania Transp. Authority v. Pennsylvania Public Utility Comm'n*, 210 F.Supp.2d 689, 711 (E.D. Pa. 2002) (prior ruling that defendant waived certain defense was the law of the case and prevented defendant from asserting the waived defense at a subsequent stage of the proceeding).

This same doctrine applies here. Because this Court held in its April 10, 2006 order that the NALC Defendants did not breach their DFR (the only claim found by this Court to be asserted against the NALC Defendants), Plaintiff is bound by that holding. Accordingly, Plaintiff's DFR claims against the NALC Defendants must be dismissed.

In the alternative, Plaintiff's DFR claims must be dismissed because they are barred by the doctrine of collateral estoppel (also known as "issue preclusion"). Collateral estoppel precludes re-litigation of an issue when (1) the party against whom preclusion is asserted is the same; (2) the issue to be precluded is identical; (3) the previous judgment was final and on the merits and (4) the parties had a full and fair opportunity to litigate the issue. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1073 (3d Cir. 1990); *see also Switlik v. Hardwicke Co., Inc.,* 651 F.2d 852, 859 (3d Cir. 1981) (holding collateral estoppel barred plaintiff's claims). Here, all four factors are met: (1) Plaintiff is the same party against whom the Court issued its April 10, 2006 order and against whom the NALC Defendants now seek preclusion; (2) the issue previously decided by the Court, whether the NALC Defendants breached the DFR, is identical in both USPS's summary judgment motion and the instant motion; (3) the April 10, 2006 order granting the Postal Service summary judgment was final and on the merits; and (4)

4

Plaintiff had a full and fair opportunity to litigate the issue when the Postal Service filed its motion for summary judgment (although he chose not to oppose the motion). Accordingly, collateral estoppel bars Plaintiff's DFR claims and the claims against the NALC Defendants must be dismissed.

## **CONCLUSION**

Based on the foregoing, the NALC Defendant's Motion for Summary Judgment should be granted.

Dated: April 21, 2006

/s/ Susan E. Kaufman
Susan E. Kaufman (DSB #3381)
HEIMAN, GOUGE, & KAUFMAN, LLP
800 King Street
Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)

Peter DeChiara
Oriana Vigliotti
COHEN, WEISS AND SIMON LLP
330 West 42nd Street
New York, New York 10036-6976
(212) 563-4100

*Attorneys for Defendants National Association of Letter Carriers Branch 1977*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------X
                                                                  :
BRIAN K. REINBOLD,                                                :
                                                                  :
                            Plaintiff,                            :     Case No. 04-342 (GMS)
                                                                  :
          - vs. -                                                 :
                                                                  :
NATIONAL ASSOCIATION OF LETTER                                    :
CARRIERS BRANCH 1977,                                             :
                                                                  :
                            Defendants.                           :
                                                                  :
------------------------------------------------------------------X

------------------------------------------------------------------X
                                                                  :
BRIAN K. REINBOLD,                                                :
                                                                  :
                            Plaintiff,                            :     Case No. 05-047 (GMS)
                                                                  :
          - vs. -                                                 :
                                                                  :
UNITED STATES POSTAL SERVICE and                                  :
NATIONAL ASSOCIATION OF LETTER                                    :
CARRIERS BRANCH 191,                                              :
                                                                  :
                            Defendant.                            :
                                                                  :
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

       I hereby certify that on April 21, 2006, I electronically filed the Memorandum of Law in Support of Motion for Summary Judgment of Defendants National Association of Letter Carriers Branch 191 and Branch 1977 with the Clerk of the Court using CM/ECF which will send notification of such filing to Patricia Hannigan, Assistant United States Attorney, 700 Orange Street, Suite 700, Wilmington, Delaware 19899, Counsel for Defendant United States Postal Service.

00083013.DOC.1

I hereby certify that on April 21, 2006, I have mailed by first-class mail two copies of the Memorandum of Law in Support of Motion for Summary Judgment of Defendants National Association of Letter Carriers Branch 191 and Branch 1977 to the following non-participant in Electronic Case Filing: Plaintiff Brian K. Reinbold, 3909 Delaware Street, Apt. #B, Wilmington, Delaware 19808.

/s/ Susan E. Kaufman
Susan E. Kaufman (DSB #3381)
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)