UNITED STATES POSTAL SERVICE

SOUTH JERSEY DISTRICT
DISPUTE RESOLUTION TEAM

Exhibit 3
Pg. 1



**STEP B TEAM** DiDomenico & Olive
**DISTRICT** South Jersey

| | |
|---|---|
| DECISION: | RESOLVED |
| USPS #: | C01N-4C-D 05019494 |
| Branch Grievance #: | 5-13-04 |
| Branch: | 191 |
| Installation: | Wilmington, DE |
| Delivery Unit: | Lancaster |
| Zip Code: | 19805 |
| Finance Number: | 09-6820 |
| Date Step A Initiated: | November 20, 2004 |
| Step A Meeting Date: | November 30, 2004 |
| Date Received at Step B: | December 3, 2004 |
| Step B Decision Date: | December 15, 2004 |
| Issue Code and Subject: | 16.1010, 16.5000 Just Cause, REMOVAL |
| Type: | Discipline |
| Grievant's Name: | Brian Reinbold |

FILED 2006 MAY -2 PM 1:36 CLERK U.S. DISTRICT COURT DISTRICT OF DELAWARE

## ISSUE

Did Management have Just Cause under Article 16 of the National Agreement when it issued a Notice of Removal to Carrier Reinbold for "Failure to Follow Instructions" and if not what is the appropriate remedy?

## DECISION

The Dispute Resolution Team has **RESOLVED** this issue. 1) Management did have just cause when it issued the Notice of Removal to Carrier Reinbold. Carrier Reinbold will be removed from the Postal Service as of the date of this decision.

## EXPLANATION

Carrier Reinbold was issued a 2) Notice of Removal for Failure to Follow Instructions dated October 27, 2004 3) Carrier Reinbold was authorized .50 units of overtime on October 20, 2004 and proceeded to work one (1) hour and 41 units of overtime. 4) The employee was also charged with not following the S.O.P. which in part states:

> "No employee is to case mail and/or go over mark ups and bad mail (missent/missorts) on overtime unless authorized.

Exhibit 3
pg 2

5) Management contends that Carrier Reinbold not only expanded his street time, but ignored the instructions given to him by Supervisor Burns on the morning of October 20 regarding the handling of mail that was brought back from the street. Supervisor Burns states that Shop Steward Jeff Cushner was present during this meeting and not only did Supervisor Burns instruct the employee on this procedure, but Steward Cushner also reiterated to Carrier Reinbold what his responsibilities were in handling mail being brought back from the street.

The Union does not dispute that this meeting took place and what was said. It is apparent that Carrier Reinbold just chose to ignore the instructions he was given that morning. 7) He worked unauthorized overtime handling the mail that he brought back from the street.

8) Supervisor Burns contends that when he questioned Carrier Reinbold as to what he had been doing for the past half hour and why it took him over an hour to get back to the office from his last street scan, the employee remained silent. On October 22, 2004 Mr. Reinbold was given his Day in Court Interview with Steward Cushner present. When Carrier Reinbold was confronted with the charges, Supervisor Burns states that he became belligerent and very confrontational and stated that Management was out to get him. 9) This is not disputed by the Union or Carrier Reinbold.

Section 4

10) The Union's main contention is that Carrier Reinbold is being singled out because he was issued a Notice of Removal dated July 21, 2004 for Failure Follow Instructions" which was reduced by the Dispute Resolution Team to a 30 day lost time suspension. He reported back to duty on October 15 2004 after serving his 30 day suspension.

11) There is no documentation in the file that would support this contention. 12) There is no dispute that the Carrier did not follow the instructions that he was given by Management the morning that he committed these infractions. This employee has been given numerous chances and opportunities to improve his work ethic and performance as indicated by his previous discipline record. The Dispute Resolution Team finds it hard to understand how an employee who just returned from serving a 30 Day – Loss of Pay Suspension for "Failure to Follow Instructions" would just ignore the instructions given to him by his Supervisor. In the Step B decision reducing the Removal to the Loss of Pay Suspension, the Team stated that,

> "We also agree that Carrier Reinbold has become indifferent to previously issued discipline and does not grasp the severity of what it means. Hopefully with a loss of pay suspension **he will realize that he has to follow the instructions of his Supervisors or HE COULD BE REMOVED from the Postal Service".** (Emphasis added)

13) Carrier Reinbold then remains silent when questioned about his actions, becomes belligerent and confrontational at his day in court instead of explaining his actions. 14) Weeks later, only after receiving the "Notice of Removal", does he write a "detailed" explanation of what transpired"

*Exhibit 3*
*pg 3*

It is apparent that Carrier Reinbold has no intention of improving his work performance or following the instructions of his Supervisor(s). The Removal action is progressive and for just cause.

_____ 12/15-04           _____ 12/15/04
Russell J. Olive Jr.            DATE          Edward DiDomenico          DATE
NALC STEP B REPRESENTATIVE               USPS STEP B REPRESENTATIVE

cc:   Step A Parties
      Nat'l Business Agent, NALC
      Human Resources Manager
      District Labor Relations
      Area Labor Relations
      Dispute Resolution Team File
      POOM

PO Box 9001
Bellmawr, NJ 08099-9401
(856) 933-6044/6017
Fax: (856) 933-4447

*Exhibit 3*
*Pg 4*

## Points of Concern and Facts

1) The facts prove management did not have just cause for the removal or discipline in the charge filed

2) The Notice of Removal was written on 10/27/04 and issued on 11/01/04

3) Was given the half hour to clean route and make list as instructed had nothing to do with regular mail delivery SOP states to call back by 3:00 o'clock if going to be later

4) Supervisor stated he didn't know what I was doing at my case and confirmed by USPS

5) Was never charged or had discussion on expansion of street time until after grievance was sent to Step B

6) Left mail bundle on top of desk at case as instructed

7) Supervisor Burns stated in the Day in Court as well as when the removal was issued and in his statement that he didn't know what I was doing at my case

8) Never talked to Supervisor Burns when returned to office

9) As stated in my statements and in the Day in Court as well as statements from local president and shop steward, their was disputes

10) The statements from myself, local presidents as well as the shop steward address this

11) The statements from myself, local presidents and shop steward explain this as well as my local president having a discussions with the USPS about moving me to another office

12) The statements from myself, local presidents and the shop steward dispute the charges as well as a USPS representative admitting that dates and time as well as some facts stated in supervisor statement where wrong or untrue

13) Gave explanation at Day in Court of the charge at that time and was upset cause I was being written up again after being back a week

14) Disputed charges at Day in Court as well as through statements given to shop steward that week