IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN K. REINBOLD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 04-342-GMS |
| NATIONAL ASSOCIATION OF LETTER CARRIERS BRANCH 1977, | : |
| Defendant. | : |

| | |
|---|---|
| BRIAN K. REINBOLD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 05-47-GMS |
| UNITED STATES POSTAL SERVICE, and NALC LOCAL 191, | : |
| Defendant. | : |

**UNITED STATES POSTAL SERVICE' MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
AND AMENDED MOTION FOR RECONSIDERATION**

The United States Postal Service ("USPS"), through the undersigned, responds to Plaintiff's Motion For Reconsideration (D.I. 39), filed on April 26, 2006, and Plaintiff's Amended Motion for Reconsideration (D.I. 43), filed on May 2, 2006, as follows:

1.    If considered Motions to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the motions are untimely. Rule 59(e) provides that such a motion be filed "no later than ten days after entry of the judgment." The Court's order granting

summary judgment in favor of the USPS was entered on April 11, 2006. Any motion under Rule 59(e) should thus have been filed by April 25, 2006. The Court's docket reflects that Plaintiff's initial Motion for Reconsideration was not filed until the following day, April 26, 2006.

2.   Nothing in Plaintiff's Motions for Reconsideration justifies relief from judgment on any grounds cognizable under Rule 60 of the Federal Rules of Civil Procedure. That rule provides, in relevant part, that the Court may relieve a party "from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Plaintiff's initial Motion for Reconsideration attaches no exhibits, and there is nothing in the exhibits attached to Plaintiff's Amended Motion that "could not have been discovered in time to move for a new trial under Rule 59(b)." In fact, there is nothing in the exhibits that could not have been produced before the Court entered judgment in favor of the USPS.

3.   Plaintiff's motions could arguably be read as alleging "misrepresentation or other misconduct" by the USPS, in his allegation that Plaintiff served certain discovery responses and

requests for discovery on the USPS, an assertion that is directly contrary to representations made to the Court by the USPS. *See, e.g.*, USPS' Memorandum of Law in Support of its Motion to Dismiss or in the Alternative to Compel Rule 26(a) Disclosures (D.I. 25). The USPS denies Plaintiff's allegations that he served discovery requests and responses on counsel for the USPS, and instead asserts that Plaintiff's motions contain material misstatements of fact, specifically:

(1)     First, in the third unnumbered paragraph of both motions, Plaintiff alleges that "[o]n July 26, 2005 I the plaintiff sent a copy of my response to attorney for USPS for the Request for Interrogatories and Documents Dated June 29, 2005 by NALC 1977 & NALC 191 and was received by them on July 29, 2005." In fact, this office has no record of receiving copies of Plaintiff's responses to discovery propounded by the National Association of Letter Carriers ("NALC").

(2)     In the fourth unnumbered paragraph of his motions, Plaintiff alleges that "[o]n September 6, 2005 I the plaintiff sent a copy of my requests for Interrogatories and Documents dated September 5, 2005 to attorney for USPS and was received by them on September 8, 2005." In fact, this office has no record of receiving copies of discovery requests from Plaintiff.

(3)     In Exhibits 1C and 2C to Plaintiff's Amended Motion for Reconsideration (D.I. 43), Plaintiff purports to show proof of service on this office on or about July 29 and September 8, 2005, by copies of USPS return receipts, on both occasions appearing to show the signature of a "C. McGonigle."

Upon investigation, it has been learned by the undersigned that empty certified mail envelopes were, in fact, signed for on those dates by a Mr. McGonigle, an employee of a courier service, and were delivered to the Office of the United States Attorney. (That the envelopes were empty is consistent with the fact that the return receipts supplied by Plaintiff each show thirty-seven cents postage.). Copies of the empty envelopes, bearing the exact tracking numbers on Plaintiff's return receipts, are attached as Exhibit A. The July envelope appeared to have been cut open and then taped closed. The address on each envelope is merely that of the office of the United States Attorney, there is no individual to whom either is addressed, thus it was not possible to know to whom the empty envelope might be directed. The July envelope contains a purported return address, although no sender's name, the September envelope shows no return information.

(4)     The Office Manager of the United States Attorney's Office contacted the United States Postal Inspection Service, in an effort to reach the sender in order to advise that the July envelope arrived in the office empty. See Memorandum to File, attached as Exhibit B. The Postal Inspection Service advised that the return address was determined to be non-existent, and no additional information was available through any tracking databases at the Postal Service. See Exhibit B.

(5)     Plaintiff has now submitted to the Court copies of return receipts for the empty envelopes, falsely alleging that he served discovery requests and responses when, in fact, he did not. It appears to the Government that during the

course of the referenced litigation, the Plaintiff deliberately sent empty envelopes to the undersigned in an effort to evade his discovery responsibilities, but at the same time to hold what appears to be proof of service. Moreover, submission to the Court by the Plaintiff of the purported proof of service can fairly be viewed as a fraud on the Court.

(6) Returning to the inaccuracies of Plaintiff's motions, in the eighth and ninth unnumbered paragraphs of his motions he alleges that "[t]he last correspondents [sic] I received from the attorneys for USPS was there [sic] Documents for Disclosure. I have never received a Motion to Dismiss from the USPS." In fact, a copy of the USPS' Motion to Dismiss and Opening Brief were served upon Plaintiff at his last known address by First Class mail on November 30, 2005, and were not returned to this office as undeliverable. In addition, letters to the Court from the undersigned were served on Plaintiff at his last known address by First Class mail on November 30, 2005 and January 11, 2006, and were not returned to this office as undeliverable.

4. If the Court is inclined to consider Plaintiff's allegations, the USPS requests the opportunity to present evidence, including testimony at an evidentiary hearing.

WHEREFORE the USPS opposes Plaintiff's Motion for Reconsideration and Amended Motion for Reconsideration and respectfully requests that the Court deny same.

                Respectfully submitted,

                COLM F. CONNOLLY
                United States Attorney

              By:/s/Patricia C. Hannigan
                Patricia C. Hannigan
                Assistant United States Attorney
                Delaware Bar I.D. No. 2145
                The Nemours Building
                1007 Orange Street, Suite 700
                P. O. Box 2046
                Wilmington, DE 19899-2046
                (302) 573-6277
                Patricia.Hannigan@usdoj.gov

Dated:May 9, 2006

# EXHIBIT A



2046 7-28-05

NAME
1st Notice
2nd Notice
Return

7004 1160 0006 3104 1833

UNITED STATES ATTORNEY
DISTRICT of DELAWARE
1007 ORANGE STREET, SUITE 700
P.O. BOX 2046
WILMINGTON, DE 19899-2046

330 Delpart Ave
Dover, DE 19901

RETURN RECEIPT
REQUESTED



# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

# MEMORANDUM

DATE:      September 15, 2005
TO:        File
FROM:      J█ M█████
SUBJECT:   Receipt of empty certified mail envelopes at USAO

On July 29, 2005, Sharon G█████ notified me that our office had received an envelope containing certified mail tracking # 7004 1160 0006 3104 1833. The document had been picked up by Tri-State Courier Service at the US Post Office and brought to this office. When Sharon opened the envelope, she found it was empty. The bottom of the envelope appeared to have been cut open and re-taped. I contacted Tri State Courier and Jeff I█ sent an e-mail (copy attached), which indicated that the courier signed for the envelope, and put it in the mailbag. I ran the tracking report on the certified mail number (copy attached). I contacted the Postal Service to determine if additional information on the sender could be identified and there was no further information available. The addressee is United States Attorney, District of Delaware, 1007 Orange Street, Suit 700, P.O. Box 2046, Wilmington, DE 19899-2046. The envelope contained a return address of 390 Delpool Avenue, Dover, DE 19901.

On September 8, 2005, Lauren W█████ notified me that our office had received an envelope containing certified mail tracking # 7004 1160 0006 3104 1673. The document had been picked up by Tri-State Courier Service at the US Post Office and brought to this office. When Lauren opened the envelope, she found it was empty. The tracking report on the certified mail number (copy attached) indicates that the letter was received at the post office in Sharon Hill PA on September 6, 2005. The addressee on the envelope is US Attorney General, 1007 Orange Street, Suite 700, P.O. Box 2046, Wilmington, DE 19899-2046. There was no return address on the envelope.

On September 9, 2005, I asked Postal Inspector Henry H█████ if additional information on the above two letters could be determined from the U.S. Postal Service.

On September 14, 2005, Inspector H█████ told me that no additional information was available through any tracking databases at the Postal Service. Unfortunately, the return receipts are not tracked so there was no way to determine the sender. Inspector █████ stated that Postal Service records indicated that there is no such address as 390 Delpool Avenue, Dover, Delaware 19901.

On September 15, 2005, I informed the U.S. Attorney that our office had received these suspicious envelopes and he advised that a memo to file should be prepared and that this should be discussed at the next Sr. Staff Meeting.

## CERTIFICATE OF SERVICE

I hereby certify that on **May 9, 2006**, I electronically filed the **UNITED STATES POSTAL SERVICE' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDED MOTION FOR RECONSIDERATION** with the Clerk of Court using CM/ECF. Notification of such filing will be electronically mailed to the following:

**Susan E. Kaufman, Esquire**
Heiman, Gouge & Kaufman, LLP
P.O. Box 1674
Wilmington, DE 19899
(302) 658-1800
skaufman@hgkde.com

and two copies of the foregoing **UNITED STATES POSTAL SERVICE' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND AMENDED MOTION FOR RECONSIDERATION** will be sent via Federal Express and served upon the following:

**Brian K. Reinbold**
3909 Delaware Street
Wilmington, DE 19808
*Pro Se*

> COLM F. CONNOLLY
> United States Attorney
>
> By: /s/Patricia C. Hannigan
>   Patricia C. Hannigan
>   Assistant United States Attorney
>   Delaware Bar I.D. No. 2145
>   The Nemours Building
>   1007 Orange Street, Suite 700
>   P. O. Box 2046
>   Wilmington, DE 19899-2046
>   (302) 573-6277
>   Patricia.Hannigan@usdoj.gov