IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIAN K. REINBOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-342 (GMS) |
| ) | Civil Action No. 05-47  (GMS) |
| NALC LOCAL 1977, et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER

WHEREAS, on April 28, 2004 Brian K. Reinbold ("Reinbold") filed a lawsuit against the National Association of Letter Carriers ("NALC") Branch 1977 and NALC Branch 191 (the "NALC defendants") in the Court of Common Pleas for the State of Delaware, New Castle County;

WHEREAS, the complaint alleges that, between May 2001 and April 2004, the NALC defendants did not act in good faith in representing Reinbold under his collective bargaining agreement (the "CBA") (04-342 D.I. 1)[1];

WHEREAS, the NALC defendants subsequently removed the lawsuit to this court on May 27, 2004;

WHEREAS, on January 28, 2005, Reinbold filed a similar action against the United States Postal Service (the "USPS") and the NALC Branch 191, alleging that, between January 1, 2003 and December 31, 2004, the defendants engaged in unfair labor practices against him and failed to represent him per the CBA (D.I. 1);

---

[1] For convenience, the court will refer to docket item numbers from the 05-47 (GMS) case, unless otherwise noted.

WHEREAS, on November 30, 2005, the USPS filed a motion for summary judgment (D.I. 31);

WHEREAS, on April 10, 2006, the court issued an Order (D.I. 36) finding that Reinbold had failed to demonstrate that the NALC defendants breached their duty of fair representation and granting the USPS' motion;

WHEREAS, on April 26, 2006, Reinbold filed a Motion for Reconsideration (D.I. 39), requesting the court to reconsider its April 10, 2006 Order;

WHEREAS, on April 26, 2006, Reinbold also filed a Motion to Appoint Counsel (D.I. 40), requesting the court to appoint an attorney to represent him in both cases;

WHEREAS, on May 2, 2006, Reinbold filed an Amended Motion for Reconsideration (D.I. 43);

WHEREAS, the amended motion sets forth the same arguments as the original motion, but includes exhibits, which the original motion did not contain;

WHEREAS, a motion for reconsideration should be granted only "sparingly";[2]

WHEREAS, in this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension;[3]

---

[2] *Tristrata Tech. Inc. v. ICN Pharms., Inc.*, 313 F. Supp. 2d 405, 407 (D. Del. 2004); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991).

[3] *See, e.g.*, *Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citing *Above the Belt, Inc. v. Mel Bonhannan Roofing, Inc.*, 99 F.R.D. 99 (E.D. Va. 1983)); *see also Karr*, 768 F. Supp. at 1090 (citing same).

WHEREAS, after having considered the parties submissions on the motion, the court concludes that none of the three above-cited conditions exist in the present case; and

WHEREAS, the court further concludes that Reinbold's motion to appoint counsel is moot, because the court will not consider its April 10, 2006 Order and all of the defendants have been dismissed from these actions;[4,5]

IT IS HEREBY ORDERED that:

1. The plaintiff's Amended Motion for Reconsideration (D.I. 43) is DENIED without prejudice.

2. The plaintiff's Motion to Appoint Counsel is DENIED as moot.

3. The Clerk of Court is directed to close these cases.


Dated: May 19, 2006         /s/ Gregory M. Sleet
                            UNITED STATES DISTRICT JUDGE

---

[4] On May 12, 2006, the court issued an Order (D.I. 47) granting the NALC defendants' motion for summary judgment and dismissing them from the case.

[5] On May 16, 2006, Reinbold filed a letter request (D.I. 48) to withdraw his pending motions. Because the court has already decided the issues on the merits, however, it will deny the letter request as moot.